Electronically Filed - City of St. Louis - February 16, 2021 - 03:27 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JAYNE SALERNO | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2122-CC00246 |
| | ) | |
| CENTAUR BUILDING SERVICES, INC., | ) | **JURY TRIAL DEMANDED** |
| ATALIAN US SHARED SERVICES, LLC, | ) | |
| and ATALIAN US MIDWEST, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agents: | ) | |
| | ) | |
| J. Fred Kolb    (CENTAUR) | ) | |
| 4401 Ridgewood Avenue | ) | |
| St. Louis, MO 63116 | ) | |
| | ) | |
| CT CORPORATION SYSTEM | ) | |
| (ATALIAN US SHARED SERVICES) | ) | |
| 120 South Central Ave | ) | |
| Clayton, MO  63105 | ) | |
| | ) | |
| CT CORPORATION SYSTEM | ) | |
| (ATALIAN US MIDWEST, LCC) | ) | |
| 120 South Central Ave | ) | |
| Clayton, MO  63105 | ) | |

**SECOND AMENDED PETITION**
**DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

Plaintiff Jayne Salerno brings her Second Amended Petition for her claim of age

discrimination under the Missouri Human Rights Act to redress injuries done to her by

Defendants Centaur Building Services, Inc., Atalian US Shared Services, LLC, and Atalian US

Midwest, LLC, d/b/a/Atalian Global Services, Inc.  In support thereof, Plaintiff states:

Electronically Filed - City of St. Louis - February 16, 2021 - 03:27 PM

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff brings this action under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq., as amended ("MHRA").

2.      Plaintiff Jayne Salerno is a citizen of the State of Missouri, currently residing in St. Louis, Missouri.  Ms. Salerno's date of birth is XX-XX-1957, and at the time Defendants terminated her, she was 62 years old.

3.      Defendant Centaur Building Services, Inc. is a corporation authorized to do business in Missouri with its headquarters located at 4401 Ridgewood Avenue in the City of St. Louis.  Centaur Building Services, Inc. provides facility services, such as janitorial services, for commercial buildings.

4.      Defendant Atalian US Shared Services, LLC (hereinafter "Atalian USS,") is a limited liability company authorized to do business in Missouri.  Defendant Atalian USS owns Centaur Building Services, Inc.

5.      Defendant Atalian US Midwest, LLC (hereinafter "Atalian Midwest,") is a limited liability company authorized to do business in Missouri.  Defendant Atalian Midwest owns Centaur Building Services, Inc.

6.      Defendants Centaur Building Services, Inc., Atalian US Shared Services, LLC, and Atalian US Midwest, LLC, also do business under the name "Atalian Global Services, Inc."

7.      At all relevant times, Plaintiff Salerno worked for Defendants in an office located at 4401 Ridgewood Avenue in the City of St. Louis.

8.      The unlawful employment practices complained of herein were committed within the county of St. Louis City, Missouri.  Jurisdiction and venue in this Court are, therefore, proper pursuant to Mo. Rev. Stat. § 231.111.

Electronically Filed - City of St. Louis - February 16, 2021 - 03:27 PM

9.      Defendants have more than six (6) employees and are, therefore, an employer within the meaning of the MHRA, Mo. Rev. Stat. § 213.010(7).

10.      On May 14, 2020, Plaintiff filed a timely charge of age discrimination against Defendant with the Missouri Commission on Human Rights.

11.      On November 13, 2020, the Missouri Commission on Human Rights issued to Plaintiff its Notice of Right to Sue, and this action was initiated within ninety days thereof.

## FACTUAL ALLEGATIONS

12.      Plaintiff Salerno worked for Defendants as an Area Recruiter.

13.      Ms. Salerno brought considerable experience to her role as Area Recruiter.  At her hire, she had over twenty years of experience in Human Resources and full cycle recruiting.

14.      Throughout her career, Plaintiff garnered solid performance reviews and consistent pay raises. She never received any written or verbal discipline.  At all times, Plaintiff met Defendant's legitimate performance expectations.

15.      Plaintiff was one of three Human Resources employees in the St. Louis office. The other two employees, Ms. Range and Ms. Harris, were in their thirties, had no previous experience in human resources, and were hired as administrative staff.

16.      In 2017, upon information and belief, Defendant Atalian USS and Defendant Atalian Midwest bought Defendant Centaur Building Services.

17.      In the spring of 2019, Plaintiff's supervisor, Jaclyn Bovinett, severed her employment with Defendants.

18.      Defendants hired Dan Kosinski as Plaintiff's new supervisor.

19.      Upon information and belief, Kosinski is in his early thirties and over thirty years younger than Plaintiff.

Electronically Filed - City of St. Louis - February 16, 2021 - 03:27 PM

20.     Kosinski supervised Plaintiff and five other recruiters.  The group had a weekly conference call regarding recruitment efforts.

21.     Four of the five other recruiters are significantly younger than Plaintiff Salerno.

22.     Around this time, Defendants changed their recruitment model.  Previously, Plaintiff was responsible for recruiting, interviewing, and placing applicants for janitorial, or "facility services," positions.

23.     At each site where Defendants provided facility services, an Operations Manager supervised Defendants' employees. An Operations Manager in Plaintiff's territory typically supervised about ten to twenty sites.

24.     In the new model, Defendants required Operations Managers to interview potential new hires.

25.     Kosinski asked Plaintiff to coordinate onsite interviews with Operations Managers and continue to recruit new hires, perform drug screens and background checks, issue uniforms, and assist new hires with online access.

26.     To prepare the Operations Managers, Plaintiff held at least six interview training sessions for Operations Managers in her territory.

27.     Plaintiff's workload differed compared to the other recruiters.  Plaintiff's territory contained more sites with smaller number of janitorial staff.  She recruited for more than 100 sites.  Other Area Recruiters worked with bigger sites with large numbers of janitorial staff.  It was easier for other Area Recruiters to schedule group interviews with Operations Managers.

28.     Additionally, whereas other Area Recruiters managed openings of 3-19 positions per week, Plaintiff consistently recruited for 11-30 positions every week.

Electronically Filed - City of St. Louis - February 16, 2021 - 03:27 PM

29.     Plaintiff adapted well to the new recruitment model, even though she had a higher workload than other Area Recruiters.  Mr. Kosinski never critiqued her work performance and gave her positive feedback on the group conference calls.

30.     Despite her success, on November 14, 2019, Defendants terminated Plaintiff without warning.

31.     Arron Rhodes, Regional Human Resources Manager, met with Plaintiff on November 14, 2019.  Mr. Rhodes is in his thirties and approximately thirty years younger than Plaintiff.

32.     Douglas Comerio, Executive Vice President of the Midwest Region, was also present in the termination meeting.  Mr. Comerio is about forty years old and approximately twenty years younger than Plaintiff.

33.     Mr. Rhodes told Plaintiff that Defendants were terminating her due to an organizational restructuring.  He did not offer additional details.

34.     Additionally, Mr. Rhodes did not offer Plaintiff a different position.

35.     Plaintiff felt shocked.  She was committed to her career and had never received negative feedback about her work performance.

36.     A few weeks later, Defendants posted an advertisement seeking applications for Plaintiff's previous position.

37.     Upon information and belief, Defendants hired Ashley Lane, a woman in her twenties, to replace Plaintiff.

38.     Defendants' termination of Plaintiff constitutes age discrimination.

39.     In violation of the MHRA, Plaintiff's age motivated Defendants' decision to terminate Plaintiff.

Electronically Filed - City of St. Louis - February 16, 2021 - 03:27 PM

40.     Defendants, by their actions and failures to act, including but not limited to those described above, discriminated against Plaintiff on the basis of age in violation of the MHRA.

41.     As a result of Defendants' actions and failures to act described herein, Plaintiff suffered emotional pain, distress humiliation, inconvenience, mental anguish and loss of enjoyment of life.

42.     As a result of Defendants' conduct and the actions alleged herein, Plaintiff has suffered and will continue to suffer lost wages and benefits of employment.

43.     As a result of Defendants' conduct and the actions alleged herein, Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in her favor and against Defendants and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

SEDEY HARPER WESTHOFF, P.C.
Attorneys for Plaintiff

*/s/ Mary Anne Sedey*

Claire Bruner-Wiltse #69434
Mary Anne Sedey #26731
2711 Clifton Avenue
St. Louis, MO 63139
314/773-3566
314/773-3615 (fax)
cbruner-wiltse@sedeyharper.com
msedey@sedeyharper.com