UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAYNE SALERNO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00284 JAR |
| | ) | |
| CENTAUR BUILDING SERVICES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand. (Doc. No. 20). The

motion is fully briefed and ready for disposition.

### Background

On February 1, 2021, Plaintiff filed this age discrimination lawsuit against Defendant

Centaur Building Services, Inc. ("Centaur") in the Circuit Court of the City of St. Louis.

(Complaint ("Compl."), Doc. No. 3). Plaintiff alleged Centaur is a corporation authorized to do

business in Missouri with its headquarters located in the City of St. Louis. Plaintiff filed her

amended petition on February 3, 2021 to add Atalian Global Services, Inc. as a defendant,

believing it owned Centaur. (Amended Complaint ("AC"), Doc. No. 4). When Plaintiff was

unable to serve Atalian Global Services, Inc., she amended her petition a second time to add

Atalian US Shared Services, LLC ("Atalian US") and Atalian US Midwest, LLC ("Atalian

Midwest"). (Second Amended Complaint ("SAC"), Doc. No. 9).

Defendants Atalian US and Atalian Midwest removed the case to this Court on March 5,

2021, based on diversity jurisdiction. (Doc. No. 1). In their notice of removal, Defendants allege

that Atalian Midwest is a Delaware limited liability company with its principal place of business in Jersey City, New Jersey. The sole member of Atalian Midwest is Atalian US, also a Delaware limited liability company with its principal place of business in Jersey City, New Jersey. The sole member of Atalian US is Atalian Global Services, Inc., also a Delaware corporation with its principal place of business in Jersey City, New Jersey. (Declaration of Arron Rhodes ("Rhodes Decl."), Doc. No. 1-2 at ¶¶ 4-6). Defendants further allege that due to a merger with Atalian Midwest in December 2019, Centaur is a non-existent entity and thus has no citizenship for purposes of assessing diversity jurisdiction. (Id. at ¶ 3). Attached to Rhodes' Declaration is a State of Delaware Certificate of Merger of Foreign Corporation into Domestic Limited Liability Corporation filed with the State of Delaware in December 2019 in connection with the merger of Centaur into Atalian Midwest.

On March 31, 2021, Plaintiff filed a motion to remand, arguing that Defendants have failed to meet their burden of proving diversity of citizenship with competent evidence that Centaur no longer exists. She points to the fact that Centaur is currently listed as a registered Missouri corporation in "Good Standing" on the Missouri Secretary of State's website; that there are no merger documents filed with the State of Missouri (Doc. No. 21-1); and that the website of Atalian Global Services lists Centaur as one of its U.S. subsidiaries (Doc. No. 21-3). Further, Plaintiff notes that interim consolidated financial statements of Atalian Global Services for the period ended September 30, 2020 list "US-Centaur Building Services Inc." as an existing company of Atalian. (Doc. No. 21-5 at 19). Plaintiff contends this evidence calls into question the accuracy and validity of Defendants' documents.

Plaintiff also takes issue with Defendants' assertions in their notice of removal that Atalian Global Services' principal place of business is Jersey City, New Jersey. Plaintiff argues

2

that apart from Rhodes's declaration stating the same, Defendants have provided no additional detail or factual support to show that the "nerve center" of Atalian Global Services is in Jersey City, New Jersey.

In opposition to Plaintiff's motion for remand, Defendants maintain that Rhodes's declaration and the merger documentation provided with the Notice of Removal are dispositive on the issue of Centaur's corporate status. Nevertheless, they have submitted additional exhibits in support of removal, namely, Atalian Midwest's tax application filed with the City of St. Louis the day after the merger of Centaur into Atalian Midwest and identifying Centaur's prior address as the "local address" of Atalian Midwest (Doc. No. 24-1); Atalian Midwest's registration to operate business in Missouri filed in the days leading up to the merger of Centaur into Atalian Midwest (Doc. No. 24-2); and the Agreement and Plan of Merger between Centaur and Atalian Midwest (Doc. No. 24-3).

Defendants have also supplemented Rhodes's Declaration with the Declaration of James Cosgrove, the corporate Secretary for Atalian Global Services, Inc. ("Cosgrove Decl.," Doc. No. 24-4). Cosgrove attests that Atalian Global Services is headquartered and has its principal place of business in Jersey City, New Jersey, where its corporate officers "direct, control, and coordinate corporate activities, including but not limited to accounting, finance, company operations, and record-keeping." (Id. at ¶¶ 4-6).

**Legal standard**

A defendant may remove a state law claim to federal court only if the action originally could have been filed there. In re Prempro Prod. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v.

Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Removal in this case was premised on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." Altimore, 420 F.3d at 768 (citation omitted). The existence of diversity of citizenship is determined at the time the suit is instituted, and not when the cause of action arose. Smith v. Snerling, 354 U.S. 91, 93 n. 1 (1957).

**Discussion**

Factual matters such as the citizenship of the parties must be established by the preponderance of the evidence. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). Under this standard, Defendants must provide evidence which shows that the fact sought to be proved, i.e., that Centaur does not exist, is more likely than not. The Court may consider affidavits, declarations, and other supporting evidence in determining whether Centaur is a non-jural entity. Cruz v. Walgreens Store #5522, No. CV 20-3338-KSM, 2020 WL 4431469, at *3 (E.D. Pa. July 31, 2020) (citations omitted).

4

Here, the evidence provided by Defendants, including the Rhodes Declaration, Certificate of Merger of Foreign Corporation into Domestic Limited Liability Corporation filed with the State of Delaware in December 2019 in connection with the merger of Centaur into Atalian Midwest, and the Agreement and Plan of Merger between Centaur and Atalian Midwest, establish Centaur's merger into Atalian Midwest and that Centaur no longer exists. The fact that Centaur is currently listed on the Missouri Secretary of State's website as a Missouri corporation in good standing is not determinative, considering the certificate of merger filed with the Delaware Secretary of State on December 31, 2019 – more than a year before this case was filed. See Del. Cod Ann. Tit. 6 § 18-209(d) (providing that "a merger of consolidation shall be effective upon the filing in the office the Secretary of State of a certificate of merger."). Defendants further note that corporate registration reports are due biennially, see V.A.M.S. § 351.122, and Centaur's most recent report was filed in 2019, well before the merger. As for the fact that Centaur was listed as an existing company of Atalian on an interim consolidated financial statement, Defendants have submitted the declaration of James Cosgrove, Corporate Secretary for Atalian Global Services, Inc., explaining that the single reference to Centaur on page 18 of that document was a clerical error made by technical staff working for Atalian Global Services' parent company in France. ("Cosgrove Decl.," Doc. No. 24-4 at ¶ 7). Plaintiff has offered no evidence to contradict this assertion. While there is conflicting evidence, based on the evidence that has been submitted, the Court finds Defendants have shown by a preponderance of the evidence that Centaur is a non-existent entity that will be disregarded for purposes of diversity jurisdiction. See, e.g., Patel v. Aetna, Case No. 2:17-cv-78, 2017 WL 2735587, at *1 n.1 (S.D. Ohio June 26, 2017).

5

The Court further finds Cosgrove's declaration stating that Atalian Global Services is headquartered and has its principal place of business in Jersey City, New Jersey, constitutes sufficient evidence to establish Defendants' citizenship in New Jersey. See Doe v. Prudential Ins. Co. of Am., No. 4:10CV297 CDP, 2010 WL 2326065, at *2 (E.D. Mo. June 8, 2010). Plaintiff's arguments to the contrary ask for more than the preponderance standard requires.

**Conclusion**

Because Defendants have met their burden of showing the diversity of citizenship necessary to remove this case by a preponderance of the evidence, Plaintiff's motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [20] is **DENIED.**

Dated this 6th day of May, 2021.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**